IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRI L. THURMAN,

          Plaintiff,

v.                                        Case No. 5:23-cv-04044-JWB-GEB

STATE OF KANSAS,

          Defendant.

## ANSWER

Defendant State of Kansas answers plaintiff's complaint as follows:

1. All allegations in the complaint not specifically admitted herein are denied.

2. Defendant lacks sufficient knowledge to admit or deny ¶ 1 and for that reason denies the same.

3. In response to ¶¶ 2-3, it is admitted that subject matter jurisdiction exists for those claims for which remedies have been exhausted, and it is admitted venue is proper. Defendant admits plaintiff filed Charge No. 563-2022-02977 with the EEOC on August 24, 2022, the EEOC issued a notice of a right to institute a civil action on March 13, 2023, and the complaint herein was filed June 9, 2023. The remaining allegations in ¶¶ 2 and 3 other than or inconsistent with the foregoing admissions are denied. Further, it is denied defendant committed any wrongful act.

4. Regarding ¶ 4, defendant lacks sufficient knowledge to admit or deny where plaintiff resides; admits plaintiff was employed by the 11th Judicial District of the State of Kansas and began employment in 1993. The remaining statements inconsistent with the above are denied.

{T0479061}                                              1

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied.

7. Regarding ¶ 7, it is admitted Tasha Thurman was employed by the 11th Judicial District as an administrative assistant. The remaining allegations in ¶ 7 other than or inconsistent with the foregoing admissions are denied.

8. Regarding ¶ 8, it is admitted Tasha Thurman submitted a statement that included the words excerpted. The remaining allegations in ¶ 8 other than or inconsistent with the foregoing admissions are denied. It is denied defendant subjected Tasha Thurman to multiple hostile acts.

9. Paragraph 9 is denied.

10. Regarding ¶ 10, it is admitted that Terri Thurman submitted a statement regarding a meeting with Judge Johnson in 2019 that included the words excerpted. The remaining allegations in ¶ 10 other than or inconsistent with the foregoing admissions are denied.

11. Regarding ¶ 11, it is admitted that a meeting including Mac Young, Judge Johnson, and Terri Thurman occurred, and that Mac Young is and was the District Court Administrator of the 11th Judicial District. The remaining allegations in ¶ 11 other than or inconsistent with the foregoing admissions are denied.

12. Defendant lacks sufficient knowledge to admit or deny ¶ 12 and for that reason denies the same.

13. Paragraph 13 is denied.

14. Regarding ¶ 14, it is admitted that former court reporter Sabrina Overfield submitted a writing alleging concerns with Judge Johnson. The remaining allegations in ¶ 14 other than or inconsistent with the foregoing admissions are denied.

Case 5:23-cv-04044-JWB-GEB   Document 5   Filed 07/19/23   Page 3 of 5

15. Regarding ¶ 15, it is admitted that Overfield and Judge Johnson had a conversation in his office on January 10, 2020. It is admitted that Overfield complained in writing about this conversation, and that the excerpt in the complaint is from the writing Overfield submitted. The remaining allegations in ¶ 15 other than or inconsistent with the foregoing admissions are denied.

16. Defendant lacks sufficient knowledge to admit or deny ¶ 16 and for that reason denies the same.

17. Regarding ¶ 17, defendant admits Thurman called Young and that Young requested Thurman provide details in a written format. The remaining allegations in ¶ 17 other than or inconsistent with the foregoing admissions are denied.

18. Paragraphs 18 and 19 are denied.

19. Paragraphs 20 and 25 are admitted.

20. Paragraphs 21, 22, 23, 24, 26, 27, 30, 31, 32, 33 are denied.

21. Regarding ¶¶ 28 and 29, defendant admits emails were exchanged between plaintiff and Chief Judge Flemming. The remaining allegations in ¶¶ 28 and 29 other than or inconsistent with the foregoing admissions are denied.

22. Regarding ¶ 34, defendant incorporates the remainder of its answer.

23. Paragraphs 35, 36, 37 and plaintiff's unnumbered demand in Count I are denied.

24. Regarding ¶ 38, defendant incorporates the remaded of its answer.

25. Regarding ¶ 39, defendant admits plaintiff filed a complaint with the KCJC. The remaining allegations in ¶ 39 other than or inconsistent with the foregoing admissions are denied.

26. Paragraphs 40, 41, and plaintiff's unnumbered demand in Count II are denied.

27. Regarding ¶ 42, defendant incorporates the remaded of its answer.

28. Paragraphs 43, 44, 45 and plaintiff's unnumbered demand in County III are denied.

{T0479061}                                                    3

**Additional Defenses**

29. Defendant reserves the right to amend its Answer to assert such additional affirmative and other defenses as may revealed by further investigation and discovery.

30. Plaintiff's claims other than those under Title VII, if any, are barred by the Eleventh Amendment to the United States Constitution and by Sovereign Immunity.

31. Defendant denies any unlawful discrimination and/or retaliation occurred.

32. Defendant acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

33. No adverse employment action was taken.

34. There is no factual basis for the claim of constructive discharge.

35. Defendant denies the nature and extent of injuries alleged by plaintiff.

36. Plaintiff's claims are without substantial legal or factual basis such that defendant is entitled to recover attorney fees and costs of defense pursuant to 42 U.S.C. §1988 and 28 U.S.C. §1927.

37. Plaintiff's claims are limited by the scope of the EEOC Charge referenced.

**Jury Demand**

38. Defendant demands all appropriate fact issues be tried to a jury.

**Designation of Place of Trial**

39. Topeka, Kansas is designated as the place of trial.

Wherefore, defendant respectfully requests that the court grant judgment in its favor and against the plaintiff, that the defendant be awarded costs and fees incurred herein, and that the court grant such other and further relief as is deemed just and equitable.

FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street
Topeka, KS 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
tmock@fpsslaw.com | cmoe@fpsslaw.com


<u>s/Terelle A. Mock</u>
Terelle A. Mock                                               #21465
Crystal B. Moe                                                #29168
**Attorneys for Defendant**

**Certificate of Service**

I hereby certify that on July 19, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alan V. Johnson, #9992
SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Ave., Suite 1000
Topeka, KS 66603-3456
(785) 357-6311 | (785) 357-0152 – fax
ajohnson@sloanlawfirm.com
**Attorney for Plaintiff**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  No one.

<u>s/Terelle A. Mock</u>